UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-01041 BRO (AJW) | Date | April 17, 2015 |
|---|---|---|---|
| Title | CALICRAFT DISTRIBUTORS, LLC ET AL. V. HEATHER CASTRO ET AL. | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**  (IN CHAMBERS)

### ORDER GRANTING PLAINTIFFS' MOTION TO REMAND [28] AND DENYING DEFENDANTS' MOTION TO TRANSFER [23]

## I.   INTRODUCTION

Pending before the Court are two separate motions.  Plaintiffs Calicraft Distributors, LLC, Amy Burns Barr, and Christopher Barr (collectively, "Plaintiffs") have filed a Motion to Remand this case to the Superior Court of California, County of Los Angeles.  (Dkt. No. 28.)  Plaintiffs argue that this Court lacks subject matter jurisdiction because the case does not arise under federal law.  Defendants Heather Castro and Jean-Phillipe Castro (collectively, "Defendants") have opposed the remand and have filed a separate Motion to Transfer this case to the United States District Court, Northern District of California.  (Dkt. No. 23.)  Defendants claim that a pending action in the Northern District filed before this one involves the same facts and parties and that the statutory convenience factors under 28 U.S.C. § 1404 favor transfer.  For the following reasons, the Court finds that federal question jurisdiction is lacking and therefore **GRANTS** Plaintiffs' Motion to Remand.  Accordingly, the Court **DENIES** Defendants' Motion to Transfer as moot.

## II.   BACKGROUND

### A. The Parties

Plaintiff Calicraft Distributors, LLC ("Calicraft") is a beer and wine distributor operating in Los Angeles County, California.  (Compl. ¶ 3.)  Calicraft's current members are Plaintiff Amy Burns Barr ("Ms. Barr"), who is a majority member, and Plaintiff

Case 2:15-cv-01041-BRO-AJW Document 45 Filed 04/17/15 Page 2 of 13 Page ID #:969

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-01041 BRO (AJW) | Date | April 17, 2015 |
|---|---|---|---|
| Title | CALICRAFT DISTRIBUTORS, LLC ET AL. V. HEATHER CASTRO ET AL. | | |

Christopher Walter Barr ("Mr. Barr"), who is a minority member. (*Id.* ¶¶ 4–5.) Defendant Heather Castro ("Ms. Castro") is a former member of Calicraft who withdrew from the company on June 25, 2014. (*Id.* ¶ 6.) Ms. Castro's husband, Jean-Philippe Castro ("Mr. Castro"), was never a member of Calicraft but is also involved in these proceedings, as he supplied information technology services for the company, including the development of an online ordering system utilized in Calicraft's business called CELR. (*Id.* ¶¶ 7, 33–34.) Mr. Castro developed CELR with input from his wife as well as Mr. and Ms. Barr. (*Id.* ¶ 38.) According to the Complaint, Mr. Castro wrote the code for the CELR software and, without notifying Plaintiffs, included a claim of copyright ownership in the source code. (*Id.* ¶¶ 34, 36.)

### B. The Underlying Dispute

Ms. Barr and Ms. Castro founded Calicraft in 2013. (*Id.* ¶ 9.) Both Ms. Barr and Ms. Castro had prior experience in beer and wine distribution, and their business was initially quite successful. (*Id.*) In May 2014, Ms. Castro sent Ms. Barr a letter indicating her intent to withdraw from the company. Ms. Castro's withdrawal notice precipitated a series of disputes, which ultimately culminated in this lawsuit. (*Id.*)

Soon after notifying Ms. Barr of her intent to withdraw, Ms. Castro consulted with an attorney and sought to redeem her share of the business. (*Id.* ¶¶ 9–10.) The company's LLC agreement set forth two valuation options upon a member's withdrawal: (1) the parties could agree to a withdrawal payment; or (2) the parties could retain an appraiser to determine the value of the business and affix a withdrawal payment. (*Id.* ¶ 10.) Ms. Barr and Ms. Castro retained an appraiser, as they could not agree to a withdrawal payment. (*Id.*) According to the Complaint, Ms. Castro refused to participate in the appraisal process, and the appraiser ultimately withdrew. (*Id.*) Plaintiffs have not yet found a replacement appraiser to conclude the valuation process. (*Id.*)

Plaintiffs allege that during the time the initial appraiser began valuing the business, Ms. Castro refused to turn over Calicraft's books and records or to otherwise transition full ownership of the company to Ms. Barr. (*Id.* ¶ 11.) Apparently, Ms. Castro did not want to participate in transition activities unless and until the parties fixed a withdrawal payment. (*Id.*) The allegedly withheld books, records, and other company property include the company's accounting system, bank accounts, contracts, customer database, trademarks, domain name, and order, pricing, and delivery information.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 15-01041 BRO (AJW) | Date | April 17, 2015 |
| Title | CALICRAFT DISTRIBUTORS, LLC ET AL. V. HEATHER CASTRO ET AL. | | |

(*Id.* ¶¶ 1, 11–15.) The Complaint also alleges that Ms. Castro refused to deliver full administrator access to the CELR software system, which schedules storage and delivery dates for the company's products, calculates commissions due to sales persons, and otherwise facilitates the ordering process with Calicraft's various clients. (*Id.* ¶¶ 11, 34.)

Plaintiffs initiated this lawsuit in the Superior Court of California, County of Los Angeles on January 26, 2015. (Dkt. No. 1-1.) Plaintiffs allege that Defendants violated various state laws in connection with Ms. Castro's withdrawal from the LLC. (*See generally* Compl.) Defendants removed the matter to this Court on February 12, 2015, invoking this Court's federal question subject matter jurisdiction. (Dkt. No. 1.) The Court issued an order to show cause with respect to the issue of subject matter jurisdiction shortly thereafter. (Dkt. No. 12.) Defendants replied to the order and asserted federal question jurisdiction on the basis that Plaintiffs' state law claims depend on whether Calicraft maintains an ownership interest in CELR, which in turn requires application of the work-for-hire doctrine under federal copyright law. (*See* Dkt. No. 14.) Plaintiffs have since filed a Motion to Remand. (Dkt. No. 28.) Plaintiffs contend that all of their claims arise solely under state law, and that none requires Plaintiffs to prove that Calicraft owns the copyright for CELR. Defendants timely opposed the motion, (Dkt. No. 31), and Plaintiffs timely replied, (Dkt. No. 43).

The same day Plaintiffs filed the Motion to Remand, Defendants filed a Motion to Transfer. (Dkt. No. 23.) Defendants seek to transfer this case to the Northern District of California pursuant to the first-to-file rule. On November 25, 2014, two months before this action was filed in state court, Defendants filed a claim for copyright infringement against Plaintiffs.[1] (*See* Decl. of Kit Knudsen in Opp'n to Mot. to Remand ("Knudsen

---

[1] This case, *Castro et al. v. Calicraft Distributors, LLC et al.*, No. CV 14-05226-RS, is pending before the Honorable Richard Seeborg. A copy of the first amended complaint is attached as Exhibit A to Plaintiffs' Request for Judicial Notice filed in connection with their Motion to Remand. A district court may properly take judicial notice "of court filings and other matters of public record." *See Reyn's Pasta Bella, LLC v. Vista USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *see also Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) ("In particular, we may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." (internal quotation marks omitted)). This is because "[t]he existence and content of opinions and pleadings are matters capable of accurate and ready determination by resort to official court files that cannot reasonably be questioned." *Bogart v. Daley*, No. CV 00-00101-BR, 2001 WL 34045761, at *2 (D. Or. June 28, 2001) (citing Fed. R. Evid. 201(b)(2) and taking judicial notice of orders and pleadings

Case 2:15-cv-01041-BRO-AJW   Document 45   Filed 04/17/15   Page 4 of 13   Page ID #:971

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-01041 BRO (AJW) | Date | April 17, 2015 |
|---|---|---|---|
| Title | CALICRAFT DISTRIBUTORS, LLC ET AL. V. HEATHER CASTRO ET AL. | | |

Remand Decl.") ¶ 8.) Defendants' claims stem from Mr. Castro's work in creating and developing the CELR software. Defendants seek a judicial determination that Mr. Castro owns a copyright for CELR, a judicial determination of Ms. Castro's membership interest in Calicraft, and monetary damages. Accordingly, Defendants maintain that transfer is appropriate under 28 U.S.C. § 1404, which permits the transfer of any civil action for the convenience of the parties and witnesses and in the interests of justice.

## III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal district court's removal jurisdiction is entirely governed by Congress's statutory authorization. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). Under 28 U.S.C. § 1441, a civil action may be removed to the district court only if that court has original jurisdiction over the issues alleged in the state court action. *See* 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1331, federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." A case "arises under" federal law if the plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action" or that the plaintiff's "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983).

A district court may remand a matter for lack of subject matter jurisdiction or for a defect in the removal procedure. 28 U.S.C. § 1447(c). Where the plaintiff seeks remand, the removing defendant bears the burden of establishing the propriety of removal. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir.1992). The removal statute is strictly construed, *id.* (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988)), and there is a "strong presumption against removal jurisdiction," *id.* (internal quotation marks omitted) (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* Where there is doubt, "a case should be remanded to

---

in other court actions). Because the first amended complaint in *Castro et al. v. Calicraft Distributors, LLC et al.* is a publicly filed document, judicial notice of it is proper. Plaintiffs' request is therefore **GRANTED**.

Case 2:15-cv-01041-BRO-AJW Document 45 Filed 04/17/15 Page 5 of 13 Page ID #:972

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-01041 BRO (AJW) | Date | April 17, 2015 |
|---|---|---|---|
| Title | CALICRAFT DISTRIBUTORS, LLC ET AL. V. HEATHER CASTRO ET AL. | | |

state court." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (citing *Gaus*, 980 F.2d at 566).

## IV. DISCUSSION

Plaintiffs seek remand on the basis that the Court lacks subject matter jurisdiction over the twelve state law claims alleged in the Complaint.[2] These claims include: (1) extortion under California Penal Code sections 518, 519, 523;[3] (2) intentional interference with existing and prospective economic advantage; (3) negligent interference with existing and prospective economic advantage; (4) conversion; (5) accounting; (6) injunctive relief; (7) defamation; (8) breach of contract; (9) declaratory relief; (10) breach of fiduciary duty; (11) fraud; and (12) deceit. (*See* Compl. ¶¶ 66–118.) The Complaint does not bring a claim for copyright infringement or otherwise seek relief under the Copyright Act. Defendants nevertheless assert that this case arises under the Copyright Act and federal law because Plaintiffs' state law claims require Plaintiffs to show an ownership interest in the copyright for the CELR software, a showing which Defendants believe requires the application of the work-for-hire doctrine.

---

[2] The Court notes that after Defendants removed this case, Plaintiffs filed a First Amended Complaint. (Dkt. No. 18.) When considering whether removal was proper, a court must consider the complaint as it existed at the time of removal. *See Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 n.6 (2007) ("[W]hen a defendant removes a case to federal court based on the presence of a federal claim, an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction."); *see also Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 n.2 (11th Cir. 2007); *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006) ("We have long held that post-removal amendments to the pleadings cannot affect whether a case is removable, because the propriety of removal is determined solely on the basis of the pleadings filed in state court."); *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998) ("[R]emoval is permissible only where original jurisdiction exists at the time of removal." (internal quotation marks omitted)). Accordingly, the Court looks to the Complaint (not the First Amended Complaint) in determining whether Defendants properly removed this case on the basis of federal question jurisdiction.

[3] These statutes have been interpreted to imply a private right of action. *See Leibman v. Prupes*, No. CV 14-09003-CAS, 2015 WL 898454, at *16 n.6 (C.D. Cal. Mar. 2, 2015) (recognizing that sections 518 and 523 imply private rights of action); *Monex Deposit Co. v. Gilliam*, 666 F. Supp. 2d 1135, 1137 (C.D. Cal. 2009) (implying a civil tort claim for extortion from section 523).

Case 2:15-cv-01041-BRO-AJW Document 45 Filed 04/17/15 Page 6 of 13 Page ID #:973

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-01041 BRO (AJW) | Date | April 17, 2015 |
|---|---|---|---|
| Title | CALICRAFT DISTRIBUTORS, LLC ET AL. V. HEATHER CASTRO ET AL. | | |

The Court begins with an overview of the standard employed when assessing whether a claim "arises under" the Copyright Act. The Court then considers each of the twelve claims alleged in Plaintiffs' Complaint. For the following reasons, the Court finds that none of Plaintiffs' claims depends upon a determination of ownership of the CELR copyright; rather, each of Plaintiffs' claims is consistent with Plaintiffs' alleged ownership of a license to use the software. Because Plaintiffs' claims do not require the application of the work-for-hire doctrine, federal question subject matter jurisdiction is lacking, and remand is required.

### A. Federal Court Subject Matter Jurisdiction Under the Copyright Act

"The federal courts have exclusive jurisdiction over 'any civil action arising under any Act of Congress relating to . . . copyrights.'" *Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.,* 336 F.3d 982, 985 (9th Cir. 2003) (citing 28 U.S.C. § 1338). The Ninth Circuit has adopted the majority rule, as outlined in *T.B. Harms Co. v. Eliscu,* 339 F.2d 823 (2d Cir. 1964), to determine whether copyright subject matter jurisdiction exists. *See id.* at 986; *see also Topolos v. Caldewey,* 698 F.2d 991, 993 (9th Cir. 1983). Under the *T.B. Harms* test, an action "arises under" the Copyright Act in one of three scenarios: "(1) the complaint asks for a remedy expressly granted by the Copyright Act; (2) the complaint requires an interpretation of the Copyright Act; or (3) federal principles should control the claims." *JustMed, Inc. v. Bryce,* 600 F.3d 1118, 1124 (9th Cir. 2010) (internal quotation marks omitted) (citing *Scholastic Entm't,* 336 F.3d at 986. As the Ninth Circuit has explained, the test "is essentially a reiteration of the 'well-pleaded complaint' rule that federal jurisdiction exists only when a federal question is presented on the face of a properly pleaded complaint." *Scholastic Entm't,* 336 F.3d at 986.

An action does not arise under federal copyright law merely because it affects or involves a copyright. *See id.* at 985; *see also Topolos,* 698 F.2d at 993 ("[T]he word 'copyright' is not so compelling as to invoke federal jurisdiction upon its mere mention." (internal quotation marks omitted)). In determining whether an action arises under copyright law, courts generally focus "on the nature of the principal claim asserted by the plaintiff," which courts have variously described as "the primary and controlling purpose of the suit," "the principal issue," "the fundamental controversy," or the "gist" or "essence" of the plaintiff's claim. *Topolos,* 698 F.2d at 993–94 (internal quotation marks omitted). Thus, where the claim "involves copyright infringement or other matter

Case 2:15-cv-01041-BRO-AJW Document 45 Filed 04/17/15 Page 7 of 13 Page ID #:974

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-01041 BRO (AJW) | Date | April 17, 2015 |
|---|---|---|---|
| Title | CALICRAFT DISTRIBUTORS, LLC ET AL. V. HEATHER CASTRO ET AL. | | |

directly related to the interpretation and enforcement of the Copyright Act, jurisdiction has been upheld." *Id.* at 993 (quoting *Royalty Control Corp. v. Sanco, Inc.,* 175 U.S.P.Q. 641, 642 (N.D. Cal.1972)). But where the claim "is essentially for some common law or state-created right, most generally for a naked declaration of ownership or contractual rights, jurisdiction has been declined, even though the claim might incidentally involve a copyright or the Copyright Act." *Id.* Accordingly, the Ninth Circuit has found that a case does not arise under the Copyright Act where ownership of the copyright "is the sole question for consideration." *Id.* at 994. Federal court jurisdiction is proper, however, where the question of ownership is merely a threshold issue to a claim for infringement. *Id.* (In this case . . . , after ownership of the copyright is decided the court must still resolve the issue [of] whether two books published by Vintage Image infringe any copyright in which [the plaintiff] has beneficial ownership. That question properly belongs to a federal court, since it requires an examination of the works, extent of the copying involved, and an application of the Copyright Act.").

If a complaint does not fall into one of the three categories outlined under the *T.B. Harms* test, there is no federal question jurisdiction and remand is required. "As the master of the complaint, a plaintiff may defeat removal by choosing not to plead independent federal claims." *ARCO Envtl. Remediation, LLC v. Dep't of Health and Envtl. Quality*, 213 F.3d 1108, 1114 (9th Cir. 2000). That said, a plaintiff may not defeat removal through "artful pleading." *Id.* Artful pleading occurs where a plaintiff fails to plead necessary federal questions in the complaint. *Id.*

### B. The Work-For-Hire Doctrine

As indicated above, the Complaint does not allege a claim for copyright infringement or any other remedy under the Copyright Act. Defendants maintain that Plaintiffs have asserted an ownership interest in the copyright for the CELR software and argue that any claim of copyright ownership could only arise under the work-for-hire doctrine. According to Defendants, until the issue of copyright ownership is resolved, "it will be impossible to determine" whether Defendants' demand to be compensated for the CELR software amounted to extortion, whether Defendants' continued possession of the software constitutes conversion, or whether Plaintiffs are entitled to a return of the software. (Opp'n at 16.)

Case 2:15-cv-01041-BRO-AJW Document 45 Filed 04/17/15 Page 8 of 13 Page ID #:975

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-01041 BRO (AJW) | Date | April 17, 2015 |
|---|---|---|---|
| Title | CALICRAFT DISTRIBUTORS, LLC ET AL. V. HEATHER CASTRO ET AL. | | |

Defendants correctly point out that where the resolution of an action turns on the work-for-hire doctrine, federal court jurisdiction is proper even absent a claim for relief under the Copyright Act. *See JustMed*, 600 F.3d at 1124 ("Although a complaint may not state a Copyright Act claim on its face, federal jurisdiction may be appropriate if resolution requires application of the work-for-hire doctrine of the Copyright Act."). Nevertheless, Defendants mischaracterize the Complaint. Although the Complaint contains at times contradictory language,[4] on the whole it supports Plaintiffs' argument that the state law claims do not depend upon ownership or require application of the work-for-hire doctrine. Indeed, a fair review of the Complaint reveals that Plaintiffs do not necessarily claim copyright ownership of the CELR. Rather, Plaintiffs claim they are entitled to a use of the software pursuant to a license agreement. (*See, e.g.*, Compl. ¶ 39 ("The LLC at minimum has a perpetual royalty-free license. Even if [Mr. Castro] owns the copyright, the LLC still owns the original physical item that it paid for—the CELR source code, in working condition."); *see also id.* ¶¶ 38, 40.)

Plaintiffs' claim that they own a license to use the software distinguishes this case from the Ninth Circuit's decision in *JustMed*, wherein the Ninth Circuit concluded that a case involving solely state law claims arose under the Copyright Act. *JustMed* involved a dispute between a software publisher and a software programmer. After the programmer left the publishing company with the software source code at issue in the case, the publisher filed claims in state court for conversion, misappropriation of trade secrets, breach of fiduciary duty, and intentional interference with a prospective economic advantage. 600 F.3d at 1122–23. The defendant programmer removed the case, and the district court concluded that federal question subject matter jurisdiction was proper because the case required application of the work-for-hire doctrine. *Id.* at 1123.

---

[4] For instance, paragraph 38 states: "The LLC is at least a joint owner of the software because even if pursuant to U.S. Copyright Law it was not obtained as work-for-hire, both [Ms.] Castro as an LLC Member and [Mr. Castro] as one with a financial interest in the LCC developed the actual coding and design jointly, along with the Barrs." (Compl. ¶ 38.) Yet this claim of "joint ownership" is within a section titled "Calicraft Has a Perpetual Royalty-Free License to the CELR Software." Additionally, the footnote to paragraph 38 indicates that Plaintiffs claim to have a license to use the CELR software. (*Id.* ¶ 38 n.1.)

Case 2:15-cv-01041-BRO-AJW Document 45 Filed 04/17/15 Page 9 of 13 Page ID #:976

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-01041 BRO (AJW) | Date | April 17, 2015 |
|---|---|---|---|
| Title | CALICRAFT DISTRIBUTORS, LLC ET AL. V. HEATHER CASTRO ET AL. | | |

Upon review, the Ninth Circuit affirmed, finding that the trade secret and conversion claims required the plaintiff publisher to prove that it owned the source code. *Id.* at 1124–25. Because the publisher could only prove ownership pursuant to the work-for-hire doctrine, the Ninth Circuit concluded that the doctrine was "central" to the case and that the case therefore arose under federal copyright law. *Id.*

In contrast, in *Cordero v. McGonigle*, the Central District of California distinguished *JustMed* and remanded the case after finding that the claims did not depend upon application of the work-for-hire doctrine. No. CV 13-00198-SVW, 2013 U.S. Dist. Lexis 182243, at *9–11 (C.D. Cal. January 3, 2013). *Cordero* involved a software developer who claimed an ownership interest in a company pursuant to an oral agreement under which the developer transferred two software programs to the company in return for company stock. *Id.* at 2–3. When the company did not honor the agreement, the programmer sued for breach of contract and sought a declaration of ownership for the software source code. *Id.* at 3. The defendants removed the case on the basis that the claim for a declaration of ownership arose under the Copyright Act. *Id.* at 4. The *Cordero* court concluded that the case did not arise under copyright law because the plaintiff in fact authored the software programs. *Id.* at 9–10. That the defendants might claim ownership under the work-for-hire doctrine could not provide a basis for federal question subject matter jurisdiction, as the application of the doctrine would be raised only as a defense. *Id.* at 10–11.

Unlike the plaintiffs in *JustMed* and *Cordero*, Plaintiffs here concede that they do not necessarily own the copyright for the CELR software. Rather, Plaintiffs assert a right to use the CELR software pursuant to a perpetual, royalty-free license. (*See* Compl. ¶¶ 37–40.) Additionally, Plaintiffs expressly disclaim that the software was a work-for-hire. Nowhere is this more clear than in the facts supporting Plaintiffs' claim for fraud: "But for [Mr. Castro's] wife representing to the LLC it *would* own the software, it *would have* had JP sign an agreement indicating he was an employee for hire and the software was owned by the LLC." (*Id.* ¶ 37 (emphasis added).) Accordingly, the relevant inquiry is whether any of Plaintiffs' claims require application of the work-for-hire doctrine, or whether Plaintiffs' claims may succeed based upon Plaintiffs' claim to own a license for use. The Court will consider each of Plaintiffs' claims in turn.

Case 2:15-cv-01041-BRO-AJW Document 45 Filed 04/17/15 Page 10 of 13 Page ID #:977

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-01041 BRO (AJW) | Date | April 17, 2015 |
|---|---|---|---|
| Title | CALICRAFT DISTRIBUTORS, LLC ET AL. V. HEATHER CASTRO ET AL. | | |

### a. Plaintiffs' Claims for Intentional and Negligent Interference with Existing and Prospective Economic Advantage, Breach of Contract, Conversion, Accounting, and Defamation

Many of Plaintiffs' claims do not rely on a determination of ownership under the work-for-hire doctrine. For instance, Plaintiffs' claims for intentional and negligent interference with existing and prospective economic advantage, (*see* Compl. ¶¶ 70–84), do not require a determination of copyright ownership because they could be based upon alleged misconduct unrelated to the CELR software, such as Ms. Castro's failure to return Calicraft's books and records. To the extent Plaintiffs base these claims on Defendants' retention of the CELR software, the claims could proceed on Plaintiffs' theory that they own a license to use the software, and that Defendants' refusal to permit use of the software interfered with Calicraft's business operations.

Additionally, the breach of contract claim specifically alleges that Ms. Castro breached the LLC's operating agreement by refusing to turn over the company's books, records, trademarks, and domain names. (*See id.* ¶ 96.) Plaintiffs do not allege any breach in connection with Defendants' retention of the CELR software. (*Id.* ¶¶ 95–97.) The same is true with respect to Plaintiffs' conversion claim, which alleges Ms. Castro has wrongfully retained Calicraft's customer database, trademark, and domain names, (*id.* ¶ 86), but which does not allege Ms. Castro wrongfully converted the CELR program, (*see id.* ¶¶ 86–88). Plaintiffs' claim for an accounting does not implicate the software in any manner, as it requests a judicial determination as to the value of Ms. Castro's membership interest. (*Id.* ¶¶ 89–90.) And while Plaintiffs' defamation claim references the software, its resolution does not depend upon who owns the copyright for the CELR source code; rather, the claim turns on Ms. Castro's allegedly false statement that Ms. Barr intentionally crashed the system. (*Id.* ¶¶ 93–94.) Thus, none of these claims arises under copyright law, as they neither depend upon Plaintiffs' ownership of the CELR copyright nor require the application of the work-for-hire doctrine.

### b. Plaintiffs' Claims for Injunctive and Declaratory Relief, Extortion, and Breach of Fiduciary Duty

Plaintiffs' claims for injunctive and declaratory relief demand that Defendants return the CELR software to the LLC pursuant to the terms of a non-disclosure

Case 2:15-cv-01041-BRO-AJW Document 45 Filed 04/17/15 Page 11 of 13 Page ID #:978

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-01041 BRO (AJW) | Date | April 17, 2015 |
|---|---|---|---|
| Title | CALICRAFT DISTRIBUTORS, LLC ET AL. V. HEATHER CASTRO ET AL. | | |

agreement. (Compl. ¶¶ 92, 99.) According to the Complaint, Defendants signed a non-disclosure agreement requiring the return of "all confidential and trade secret information of the LLC" contained, among other places, in the CELR software, upon Calicraft's demand. (*Id.* ¶¶ 62–63.) As Plaintiffs claim to own a right to use the CELR software, (*see id.* ¶ 39), these claims do not implicate ownership of the CELR copyright or require application of the work-for-hire doctrine. In short, Plaintiffs do not seek a return of the software; rather, Plaintiffs seek a return of Calicraft's confidential and proprietary business information contained therein.

Plaintiffs' extortion claim alleges that Defendants unlawfully threatened to terminate Plaintiffs' access to the CELR software unless Plaintiffs paid them $425,000. (*Id.* ¶¶ 42–43, 66–69.) This claim also does not require application of the work-for-hire doctrine, as the threat could be unlawful assuming, as Plaintiffs allege, Plaintiffs had a valid license to use the software. Whether Ms. Castro's withdrawal from the LLC terminated the license, such that Plaintiffs should have expected to pay for continued use, concerns the scope of the alleged license, not ownership of the CELR copyright.

Finally, in connection with their breach of a fiduciary duty claim, Plaintiffs allege that Ms. Castro failed to release Calicraft's books, records, and documents, including the company's CELR account information. (*Id.* ¶ 108.) This claim is also consistent with the alleged license to use the software. Assuming, as Plaintiffs allege, Calicraft owns a perpetual license to use the CELR software, Ms. Castro's refusal to turn over the account information could amount to a breach of fiduciary duty. As a result, the claim does not rest upon a determination of copyright ownership, nor does it require the application of the work-for-hire doctrine.

### c. Plaintiffs' Claims for Fraud and Deceit

Plaintiffs' claims for fraud and deceit are based upon Ms. Castro's alleged misrepresentations that Calicraft *would* own the CELR software despite Mr. Castro's authorship and creation. The allegations underlying these claims clearly support Plaintiffs' theory of the case that they have a license to use the software, and that they do not in fact claim an ownership interest in the software's copyright. According to the Complaint, Defendants defrauded and deceived Plaintiffs by falsely representing that Calicraft would maintain an ownership interest in the software, when in fact Mr. Castro

Case 2:15-cv-01041-BRO-AJW  Document 45  Filed 04/17/15  Page 12 of 13  Page ID #:979

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-01041 BRO (AJW) | Date | April 17, 2015 |
|---|---|---|---|
| Title | CALICRAFT DISTRIBUTORS, LLC ET AL. V. HEATHER CASTRO ET AL. | | |

asserted a claim for copyright ownership within the software's source code. (*See id.* ¶¶ 111, 113, 118.) These representations could only be false and actionable as claims for fraud or deceit if in fact Plaintiffs do not own the software. Accordingly, these claims do not require application of the work-for-hire doctrine.[5]

### C. Plaintiffs' Request for Attorney's Fees

Plaintiffs request an award of attorney's fees incurred in connection with Defendants' improper removal of this case. (Mot. to Remand at 28–29.) Plaintiffs seek $13,800 for the fees incurred in seeking remand. Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has explained that "the standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, (2005). Thus, "[a]bsent unusual circumstances," a district court may award fees under § 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir.2008). If the standard were otherwise, attorney's fees would be a matter of right whenever a case is remanded. *Id.*

In this case, the Court has determined that Defendants failed to meet their burden to demonstrate the propriety of this matter's removal. Nevertheless, this finding does not mean Defendants lacked an objectively reasonable basis for removal. Indeed, the Ninth Circuit has expressly recognized that although the *T.B. Harms* test "may seem simple," district courts "have had difficulty" applying the test where, as in this case, a plaintiff's claims raise preliminary issues of contract law. Accordingly, although the Court finds that removal here was improper, the Court declines to award Plaintiffs fees or costs incurred as a result thereof. *See Steel v. Fed. Exp. Corp.*, No. CV 14-08192-DMG, 2015

---

[5] Certainly, a determination that Calicraft in fact owns the copyright for the CELR source code could defeat Plaintiffs' claims for fraud and deceit. But even assuming Defendants adopt that position and succeed, the work-for-hire doctrine would only arise as a defense to Plaintiffs' claims for fraud and deceit. As the court explained in *Cordero*, federal question jurisdiction is not appropriate where the work-for-hire doctrine is asserted as a defense. *See* 2013 U.S. Dist. Lexis 182243 at * 10–11.

Case 2:15-cv-01041-BRO-AJW   Document 45   Filed 04/17/15   Page 13 of 13   Page ID #:980

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-01041 BRO (AJW) | Date | April 17, 2015 |
|---|---|---|---|
| Title | CALICRAFT DISTRIBUTORS, LLC ET AL. V. HEATHER CASTRO ET AL. | | |

WL 1475942, at *4 (C.D. Cal. Mar. 31, 2015) (declining to award fees and costs under § 1447(c) where the defendant "failed to meet its burden in supporting removal" but nevertheless had an objectively reasonable basis for attempting to remove the case).

## V.     CONCLUSION

For the foregoing reasons, the Court finds that Plaintiffs' state law claims do not depend on the question of ownership of the copyright for the CELR software and do not require the application of the work-for-hire doctrine. Accordingly, this case does not arise under the Copyright Act, and the Court lacks federal question subject matter jurisdiction. Plaintiffs' Motion to Remand is therefore **GRANTED**, and Defendants' Motion to Transfer is **DENIED** as moot. This case is hereby **REMANDED** to the Superior Court of California, County of Los Angeles. The hearing set for April 20, 2015, at 1:30 p.m., is hereby **VACATED**.